## EVES v. COLUMBIA SUGAR CO.
### No. 1080.

Court of Appeal of Louisiana.   First Circuit.
Jan. 24, 1933.

James R. Parkerson, of Franklin, for appellant.

C. A. Blanchard, of Morgan City, for appellee.

MOUTON, J.

Plaintiff alleges that John M. Caffery, manager of the defendant company, wrote him requesting him to purchase for the company approximately 5,000 tons of cane on a 10 per cent. commission.

He claims that acting under that authority he bought for defendant company: Brannon cane, 2,700 tons; Rynella cane, 1,725 tons; and Greg cane, 1,500 tons, making a total of 5,925 tons, upon which he is asking a commission of 10 per cent., amounting to the sum of $592.50, with legal interest from judicial demand.

He recovered judgment against defendant company as prayed for, from which defendant prosecutes this appeal.

Though Caffery's letter to plaintiff is not dated nor is his representative capacity therein given, it is not denied, but admitted, that plaintiff was requested to buy cane for defendant company.

Defendant company alleged and undertook to prove that it was understood at the time plaintiff was requested to buy the cane, that the cane bought would be sound, and would not test less than eleven sucrose. Caffery's letter to plaintiff made no reference whatsoever to such conditions; the proof offered would therefore have gone beyond the contract and was inadmissible in the absence of allegations of fraud, misrepresentation or error, or that the original contract had been modified or enlarged by a subsequent agreement.

Counsel for defendant says in his brief that the only question involved herein is one of fact, from which we infer that he does not dispute the rule of law, above referred to.

We will therefore proceed to a decision of the case on the issue of fact presented in the record.

In a letter to plaintiff by Caffery, dated November 28, 1929, he says:

"The Brannon cane is still bad. All other cane that I am getting is fairly good. There is no kick about Rynella cane."

Continuing, he says he is losing about 50 cents a ton on the Brannon cane, in addition to the commission of 10 cents, etc.

Then says:

"I am willing to take my medicine up to date etc."

From the wording of that letter, it is apparent that there was no objection to the Rynella cane, and, although the Brannon cane was not good, there was a willingness to pay for it, including the commission.

The main defense, if we properly appreciate brief of defendant's counsel, is, that the 1,500 tons of cane, to which plaintiff in his petition refers as the "Greg cane," were bought by Caffery and not by plaintiff. If so, it evidently follows that plaintiff is not entitled to recover any commission on that lot of cane.

Caffery says he bought the Greg cane, and that plaintiff did not buy it, and of which plaintiff says he was the purchaser under his contract.

In Caffery's letter to plaintiff, hereinabove referred to, he complains that the Brannon cane was bad, but remarks that he could register no kick against the Rynella cane. Before saying that there was no objection as to the Rynella cane, he says in the letter, as follows:

"All other cane that I am getting is fairly good."

Was not this intended as a reference to the Greg cane, though not specifically mentioned? It is not fair to infer that he was alluding to any other cane than the Greg cane, as there is nothing of record to indicate that plaintiff had any concern with any cane that Caffery might have been receiving from other parties. If Caffery, in the language used in the above-quoted portion of that letter, intended to refer to cane he was getting from other sources than the Greg cane, defendant could have introduced evidence, whether oral or written, to clear up the situation.

No attempt was made by defendant in that

direction, and it is impossible for this court to say that the expression so used was not in reference to the "Greg Cane."

In the letter, Caffery having expressed his willingness to pay for the Brannon cane which he said was "bad," we must conclude that he was likewise willing to settle for "all other cane that he was getting" which he wrote was "fairly good."

Finding no error in the judgment rendered in favor of plaintiff in the amount claimed for his commission, it is therefore affirmed, with cost.